IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LILLIE HARDINE**                                                                                        **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 4:19-CV-147-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

## ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT

In a Final Judgment dated September 9, 2021, this court found the ALJ's decision was erroneous and ordered that it be remanded. Docket 20. The Commissioner has now filed the present motion for reconsideration of that decision. Docket 26. After considering the Commissioner's motion to alter or amend its earlier decision, the court finds it clearly did rely on outdated caselaw and regulations and will grant the Commissioner's motions for the reasons stated herein.

In the present case, the Vocational Expert (VE) found the plaintiff could perform the jobs of carding machine operator, escort driver, and addresser, which provided a total of 45,729 jobs in the national economy. The court found that one of those jobs – the job of addresser – was obsolete and thus did not consider it in its calculations. Because the VE explained that there were 9,293 addresser jobs, the court subtracted that number from the whole and looked to determine whether 36,436 jobs was a significant number. In its decision, the court looked to cases from the 1960's that focused more on whether a claimant could actually find work rather than whether he had the functional ability to work. After examining those cases, the court held that 36,436 was not a significant number based largely on its reasoning that this plaintiff was from a rural area and with no explanation as to whether there were any jobs regionally, the court found it unlikely she could ever actually find work. Unfortunately for the plaintiff, this is no longer the law, and it

is arguable that Congress may never have intended it to be the law. Consequently, the court now reverses its earlier holding.

The Commissioner has spent a great deal of time and effort convincing the court of its error when, in the end, the court is only concerned with whether 36,436 jobs in the national economy makes up a significant number of jobs for purposes of the Act. After reviewing the caselaw and the Commissioner's well-supported motion to reconsider, the court is convinced that number is sufficient. *See, e.g., McGee v. Astrue*, 2009 WL 2841113, at *6 n.14 (W.D. La. Aug. 28, 2009) (150 jobs in the State of Louisiana and 18,760 jobs in the nation is significant); *Mercer v. Halter*, 2001 WL 257842, at *6 (N.D. Tex. Mar. 9, 2001) (500 jobs in Texas and 5,000 jobs in the nation is significant). The court is convinced that when it looks to determine whether the number of jobs is significant, it should focus more on the medical factors – a claimant's functional capacity – than the claimant's ability to actually obtain employment. Making a decision in such a manner clearly leads to the finding that 36,436 jobs is significant.

The court does hold, however, that while its earlier decision was clearly in error, it stands by its finding that the job of "addresser" is obsolete, and this court will not consider it in its calculations in the future. In support of its position that the court should continue to consider this occupation as a viable one, the Commissioner argues that the court cannot consider information outside of the record. In its earlier decision the court pointed to the 2011 "Occupational and Medical-vocational Claims Review Study" done by the Administration that found the job of addresser "might be obsolete."[1] Again, the court agrees with the Commissioner's strongly supported argument that the court may not consider evidence outside the record – even evidence

---

[1] *See* Mark Trapani and Deborah Harkin, *Occupational and Medical-Vocational Claims Review Study*, SSA, May 2011, https://www.ssa.gov/oidap/Documents/PRESENTATION--TRAPANI%20AND%20HARKIN--OIDAP%2005-04-11.pdf.

the Commissioner admits "may or may not be accurate." However, the court cannot consider the entirety of the record and dispense with its common sense. Of course, the job of addresser is obsolete, and the court does not need to rely on outside studies to make that determination. The DOT itself describes the job of addresser as "[a]ddresses by hand or typewriter, envelopes, cards, advertising literature packages and similar items for mailing." Anyone today can look at this description and know that few if any such jobs exist anywhere. Why the vocational experts continue to rely on this particular job rather than so many others provided in the enormous DOT is a puzzle, but the court will not accept it any more than it would accept the job of lamplighter.

As to the waiver issue, because the court finds the number of jobs significant and affirms the ALJ's decision on those grounds, there is no need to address whether the plaintiff waived her argument when she failed to raise it at the administrative level.

ACCORDINGLY, because the court earlier relied on caselaw and regulations subsequently supplanted or clarified, the court's September 1, 2020 decision remanding this case is hereby withdrawn and a judgment affirming the decision will be entered.

**SO ORDERED**, this the 26th day of February, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**